Mr. L.L. Bowman III Commissioner Texas Savings and Loan Department 2601 N. Lamar Suite 201 Austin, Texas 78705
Re: Authority of the Savings and Loan Department to obtain liability coverage for its officers and employees (RQ-1203)
Dear Mr. Bowman:
You ask several questions pertaining to article 6252-19a, V.T.C.S., and the Texas Tort Claims Act (Civ.Prac. Rem. Code § 101.001 et seq.). Several of your questions relate to the scope of the attorney general's review of liability insurance policies and any monetary limits on such policies.
Article 6252-19a, V.T.C.S., authorizes state agencies which own and operate motor vehicles, aircraft, and watercraft to insure their officers and employees from liability arising out of the use of such vehicles or equipment. V.T.C.S. art. 6252-19a, § 1. The attorney general's responsibility in regard to this liability insurance is set out in section 1 of article 6252-19a as follows:
 Sec. 1 . . . All liability insurance so purchased shall be provided on a policy form or forms approved by the State Board of Insurance as to form and by the Attorney General as to liability. (Emphasis added.)
You ask first whether there is any upper or lower limit on the amount of liability insurance coverage that may be purchased under this statute. Specifically, you inquire about the applicability of the maximum liability limits set by the Texas Tort Claims Act. In Attorney General Opinion M-501 (1969), this office addressed the issue of limitations on the amount of coverage that the Texas Highway Department was authorized to purchase pursuant to the newly enacted article 6252-19a. That opinion stated:
 With reference to your second question as to the amount of coverage that may be purchased, H.B. 203 [article 6252-19a] has provided no guidelines in this area. The proper amount of coverage has been left to the sound discretion of the governmental agencies involved, and in the event of a court test it is our view that a reasonable exercise of that discretion would be left undisturbed.
Attorney General Opinion M-501 (1969). Since the issuance of Attorney General Opinion M-501, there has been no amendment to article 6252-19a establishing a statutory minimum or maximum coverage level. Therefore, we conclude that your department has the responsibility to set the level of coverage for its employees.
Confusion may have arisen about the applicability of the Texas Tort Claims Act to article 6252-19a, V.T.C.S., based on other language found in Attorney General Opinion M-501. Following the language quoted above, the opinion read as follows:
 In this connection we would point out that the Texas Tort Claims Act . . . limits governmental liability to $100,000.00 per person and $300,000.00 for any single incident. It is our view that an individual policy of insurance under [article 6252-19a] that did not exceed those limits would meet the test of reasonableness, provided that in the exercise of discretion the Highway Department finds that such is reasonably necessary.
We do not believe that the Texas Tort Claims Act controls the amount of coverage which an agency may obtain under article 6252-19a. The Texas Tort Claims Act establishes a limited waiver of sovereign immunity and prescribes the maximum governmental liability in certain circumstances. Article 6252-19a, on the other hand, allows certain state agencies to obtain liability insurance for employees under certain conditions. The reference to the Tort Claims Act in the opinion quoted above was merely intended as a guide or example to assist state agencies in making reasonable determinations of coverage. To the extent that the opinion may have been interpreted as imposing the Texas Tort Claims liability limitations onto article 6252-19a, Attorney General Opinion M-501 is modified.
To summarize, article 6252-19a, V.T.C.S., does not prescribe dollar limits on insurance coverage purchased pursuant to that article. The liability limits established in the Texas Tort Claims Act are not applicable to article 6252-19a.
You next ask whether the attorney general's responsibility to approve insurance policies "as to liability" requires the attorney general to make a determination of the reasonableness of the amount of liability coverage purchased by a state agency. We think not. The practice of the attorney general's office in reviewing policies pursuant to article 6252-19a has been to determine whether a given state agency is authorized to purchase insurance under the statute and whether the policy covers authorized persons and equipment.
The attorney general's policy of not attempting to determine the reasonableness of particular coverage limits for a given agency is consistent with the earlier interpretation of the statute in Attorney General Opinion M-501. The affected state agency, in the first instance, must exercise its discretion in determining whether to purchase liability insurance and the amount of coverage it deems appropriate. A court, in the second instance, is the appropriate body to evaluate the reasonableness of the limits obtained by a state agency. Unlike the state agency or a court reviewing that agency's decisions, the attorney general is not in a position to find facts regarding the reasonableness of a particular amount of coverage. The amount of coverage that is reasonable may vary from agency to agency and between individual departments or sections within the same agency.
You also ask whether the attorney general will approve an insurance policy which provides, at no added cost to the state, additional coverage that is not authorized by article 6252-19a. We understand that the State Board of Insurance has not prescribed a specific form for use by state agencies pursuant to article 6252-19a. Rather, a state agency must use one of the general forms for motor vehicle liability insurance that has been approved by the board for general commercial use in the state. Consequently, a state agency purchasing liability insurance under the statute may incidentally receive other coverage. Because no state funds are being expended for this other coverage, this office neither approves nor disapproves this portion of the policy.
Finally, you raise the possibility of your department purchasing liability insurance under the Texas Tort Claims Act and ask: (1) whether the department would receive additional protection by also purchasing insurance under article 6252-19a, V.T.C.S.; and (2) whether the State Board of Insurance and the attorney general must review a policy purchased by the department pursuant to the Texas Tort Claims Act. Section 101.027 of the Civil Practice and Remedies Code governs liability insurance purchased under the Texas Tort Claims Act. It provides in part:
 (a) Each governmental unit may purchase insurance policies protecting the unit and the unit's employees against claims under this chapter.
The Savings and Loan Department is a governmental unit as defined by the Texas Tort Claims Act, and is covered by section 101.027. However, we note that the General Appropriations Bill for the current biennium contains the following provision:
 Sec. 54. TORT CLAIMS ACT. None of the funds appropriated in this Act may be expended for the purpose of purchasing policies of insurance covering claims arising under the Texas Tort Claims Act.
General Appropriations Act, Acts 1987, 70th Leg., 2d C.S., ch. 78, art. V, § 54, at 1120. A similar restriction has been included in previous appropriation bills. See Attorney General Opinion Nos. JM-625 (1987); JM-551 (1986); H-900 (1976).
It is our understanding that there are no funds available to your department that are not subject to the restriction of section 54, article V, of the General Appropriations Act. Therefore, we decline to address the first part of your question. Assuming a state agency has funds available for the purchase of insurance under the Texas Tort Claims Act, we have found no provision in the act which requires this office or the State Board of Insurance to approve the purchase.
 SUMMARY
(1) Article 6252-19a, V.T.C.S., sets no maximum or minimum monetary coverage available to a state agency covered by the article.
(2) The statutory limits of liability prescribed by the Texas Tort Claims Act do not apply to an insurance policy purchased by a state agency pursuant to article 6252-19a, V.T.C.S.
(3) The attorney general does not review the amount of liability coverage purchased by a state agency pursuant to article 6252-19a.
(4) The current general appropriations act prohibits the use of appropriated funds for the purchase of insurance under the Texas Tort Claims Act. The attorney general does not have a statutory obligation to review insurance purchased pursuant to the act.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lous McCreary Executive Assistant Attorney General
 Judge Zollie Steakly Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Karen C. Gladney Assistant Attorney General